**COMMONWEALTH of Pennsylvania,
Appellee**

v.

**Shawn C. VAN AULEN, Appellant.**

Superior Court of Pennsylvania.

Submitted April 14, 2008.

Filed June 30, 2008.

Michael J. Stine, Lancaster, for appellant.

Donald R. Totaro, Asst. Dist. Atty., Lancaster, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., SHOGAN and COLVILLE *, JJ.

OPINION BY COLVILLE, J.:

¶ 1 This is an appeal from the judgment of sentence imposed following Appellant's

* Retired Senior Judge assigned to the Superior Court.

convictions for manufacture of marijuana, possession of marijuana, and possession of drug paraphernalia. Appellant presents one issue for our review: whether the Legislature intended to include growing a small number of marijuana plants for personal use within the meaning of "manufacture" of a controlled substance under 35 P.S. § 780–113(a)(30). We affirm.

¶ 2 The trial court summarized the pertinent facts in the instant case as follows:

> [O]fficers of the East Hempfield Township Police Department responded to a noise complaint at [Appellant's] apartment on Colonial Crest Drive in East Hempfield Township, Lancaster County, Pennsylvania. [Appellant] was found outside his apartment with a bag of marijuana in his hand. Also found on [his] person was a glass smoking device and a silver grinder.
>
> The police officers requested and were granted permission to enter the apartment to discuss the noise complaint with the occupants. There were approximately six or seven people in the family room or living room area of the apartment when the police entered. The officers were permitted to go through the apartment to determine if anyone else was present. Two females were found in one bedroom. In the closet of [Appellant's] bedroom the police found four marijuana plants, lights and other paraphernalia for growing marijuana.

Trial Court Opinion, 11/16/07, at 2 (footnote omitted).

¶ 3 Appellant was arrested and charged with the above mentioned drug-related offenses. Prior to trial, Appellant filed a motion to suppress; the trial court denied Appellant's motion. Immediately thereafter, Appellant waived his right to a jury trial and, subsequently, was found guilty of all charges by the court. At sentencing, Appellant moved for judgment of acquittal.

The court denied the motion and sentenced Appellant to concurrent terms totaling five years' probation. This timely appeal followed.

¶ 4 In support of the sole issue Appellant presents, he argues the Legislature did not intend to classify the growing of a small quantity of marijuana for personal consumption as the "manufacture" of a controlled substance. Appellant relies on the apparent inconsistent treatment of the offenses of possession of a small amount of marijuana and the manufacture of a similarly small amount of marijuana. The former is a misdemeanor punishable by a maximum of 30 days' incarceration and/or a $500 fine, while the latter is a felony punishable by up to five years' incarceration and/or a fine of $15,000. 35 P.S. § 780–113(g) and (f)(2), respectively.

■ ¶ 5 Resolution of the issue before the Court turns on an interpretation of the Controlled Substance, Drug, Device and Cosmetic Act (hereinafter "the CSDDCA"), 35 P.S. § 780–101 et seq. Statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is de novo. Commonwealth v. El, 933 A.2d 657, 662 (Pa.Super.2007).

■ ¶ 6 Pennsylvania's Statutory Construction Act informs our analysis, establishing, "The object of all interpretation and construction is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). Finally, if the General Assembly supplies definitions of the words comprising a statute, those definitions are binding. Commonwealth v. Kimmel, 523 Pa. 107, 565 A.2d 426, 428 (1989) ("A court must construe

each statute, therefore, according to its internal definition.").

¶ 7 The CSDDCA provides, in relevant part:

§ 780–113. **Prohibited acts; penalties**

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

35 P.S. § 780–113(a)(30). This subsection of the CSDDCA criminalizes the "manufacture" of a controlled substance. The CSDDCA defines "manufacture" as "the **production,** preparation, propagation, compounding, conversion or processing of a controlled substance ..." 35 P.S. § 780–102(b) (emphasis added). The statute further defines "production" to encompass the "manufacturing, **planting, cultivation, growing** or harvesting of a controlled substance ..." *Id.* (emphasis added).

■ ¶ 8 Section 780–113(a)(30) of the CSDDCA clearly and unambiguously proscribes, *inter alia,* the unauthorized growing of controlled substances. It is undisputed that, for purposes of the CSDDCA, marijuana is a controlled substance. 35 P.S. § 780–104(1)(iv). Appellant's invitation to interpret the Legislature's intent as supporting an alternative reading would directly contravene the unambiguous language of the statute. Specifically, Appellant encourages the Court to recognize an exception in circumstances where an individual grows a small quantity of marijuana in order to sustain a personal habit.

¶ 9 No provision of the CSDDCA can be construed to allow for such an exception. As the Commonwealth correctly asserts, outside of sentencing parameters, the statute does not distinguish growing marijuana plants from growing coca or opium poppy plants for purposes of criminalizing the manufacture of a controlled substance. The statute does not fix any requirements governing the quantity manufactured; presumably, had the Legislature contemplated a minimum quantity requirement, it would have included one. Finally, we note our Supreme Court has held that a harsher penalty for the manufacture (versus simple possession) of marijuana is a rational deterrent to the increased production and sale of an illegal drug and the attendant social harm. *Commonwealth v. Burnsworth,* 543 Pa. 18, 669 A.2d 883, 889 (1995).

■ ¶ 10 We hold that growing even a small amount of marijuana solely for personal use constitutes the "manufacture" of a controlled substance within the meaning of, and in violation of, 35 P.S. § 780–113(a)(30). Accordingly, Appellant's claim fails.

¶ 11 Judgment of sentence affirmed.