J-S36035-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
          :        PENNSYLVANIA
         Appellee    :
               :
         v.          :
               :
MICHAEL JOSEPH EVANICSKO,  :
               :
         Appellant   :    Nos. 2020 WDA 2014

Appeal from the PCRA Order Entered November 10, 2014,
in the Court of Common Pleas of Somerset County,
Criminal Division, at No(s): CP-56-CR-0000792-2012

BEFORE:    PANELLA, JENKINS, and STRASSBURGER,* JJ.

MEMORANDUM BY STRASSBURGER, J.:        **FILED JULY 17, 2015**

Michael Joseph Evanicsko (Appellant) appeals from an order which denied his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We vacate the order and remand for proceedings consistent with this Memorandum.

The background underlying this matter can be summarized as follows.

> On February 12, 2013, [Appellant] entered a counseled guilty plea to one count of criminal attempt to acquire or obtain substances by fraud, 35 P.S. [§] 780-113(a)(12), a felony. [The trial court] ordered a modified presentence investigation[.]… [Appellant] was ultimately sentenced by video on May 31, 2013 to not less than four nor more than eight years in a State Correctional Institution. [The court's] order further provided that this sentence was to be served concurrently with another sentence [Appellant] was then serving and granted 289 days credit for time served. No direct appeal was filed.…

*Retired Senior Judge assigned to the Superior Court.

PCRA Court Opinion, 11/10/2014, at 1-2 (unnecessary capitalization omitted).

On February 25, 2014, Appellant *pro se* timely filed a PCRA petition, and the PCRA court appointed counsel to represent Appellant. However, Appellant retained Michael F. Walthier, Esq. (PCRA counsel) to represent him, and PCRA counsel entered his appearance on behalf of Appellant.

On May 28, 2014, the PCRA court held a hearing on the matter. No evidence was received at the hearing. Rather, PCRA counsel informed the court of the issues he believed to be pertinent. According to counsel, there were two possible issues in the case. PCRA counsel stated that "one issue is whether or not [plea] counsel gave [Appellant] erroneous advice about the [offense gravity score (OGS)], and whether that erroneous advice would invalidate his guilty plea." N.T., 5/28/2014, at 4-5. As to the other issue, counsel asserted that the district attorney present at Appellant's guilty plea and sentencing hearings previously had represented Appellant as defense counsel in criminal matters. Appellant maintained that such a situation constituted a conflict of interest, requiring the district attorney to recuse herself. Both of these issues, at least arguably, were raised in Appellant's *pro se* PCRA petition. The PCRA court granted PCRA counsel's request for additional time to file an amended PCRA petition.

The certified record does not contain an amended PCRA petition. Moreover, the PCRA court's docket does not reflect that Appellant filed an

amended PCRA petition. Nonetheless, on August 7, 2014, the PCRA court entered an order scheduling a hearing for September 19, 2014, on an amended PCRA petition.

Prior to that hearing, Appellant filed a document entitled "Addendum to Amended PCRA Petition." Therein, Appellant noted that he filed his Amended PCRA petition on June 30, 2014, and asked the PCRA court to consider two additional issues. First, Appellant contended that his sentence is illegal. In this regard, Appellant highlighted that, when the court sentenced him, he was serving a sentence based upon the revocation of parole. According to Appellant,

> [b]ecause [Appellant] was then-serving a sentence resulting from the revocation of parole, the Pennsylvania Department of Corrections has subsequently refused to honor [the sentencing court's] order, citing 61 Pa.C.S.A. § 6138(a)(5), which requires that any new sentence be served consecutive to the parole revocation sentence. Moreover, because [Appellant] was then-serving a parole revocation sentence, he did not receive the credit for time served as ordered by the [c]ourt.

Addendum to Amended PCRA Petition, 9/10/2014, at 2. Regarding the second issue raised in the addendum, Appellant asserted that plea "counsel was ineffective for failing to raise a claim regarding the validity and enforceability of the terms of the sentence imposed by the [c]ourt." *Id.* at 3.

The PCRA court did not receive any evidence at the September 19, 2014, hearing. Instead, PCRA counsel asserted that four issues were before

- 3 -

the court. N.T., 9/19/2014, at 2. The parties discussed at length Appellant's sentencing issue, *id.* at 4-10, and PCRA counsel made passing reference to his belief that plea counsel should have caught the sentencing issue. *Id.* at 10. PCRA counsel also addressed a claim that Appellant involuntarily entered his guilty plea, essentially because the factual basis for the charge against Appellant was stated inadequately on the record. *Id.* at 10-11. Lastly, PCRA counsel briefly mentioned Appellant's conflict-of-interest claim regarding the district attorney. *Id.* at 12-14.

On November 10, 2014, the PCRA court denied Appellant's petition. Appellant timely filed a notice of appeal. On December 8, 2014, the PCRA court directed Appellant to comply with Pa.R.A.P. 1925(b) within 21 days of the court's order. On January 2, 2015, Appellant filed a motion in which he requested an extension of time to file a 1925(b) statement. According to PCRA counsel, the court's prothonotary mailed a copy of the 1925(b) order to counsel's previous address, and counsel did not receive the order by forwarded mail until January 2, 2014. The PCRA court granted that motion on January 6, 2015, giving Appellant until January 16, 2015 to file a 1925(b) statement. Appellant timely filed a 1925(b) statement, and the PCRA court subsequently issued an opinion pursuant to Pa.R.A.P. 1925(a).

In his brief to this Court, Appellant asks us to consider the questions that follow.

1.   Whether the plea colloquy was constitutionally deficient because the record lacked an adequate factual basis?

2.   Whether the plea colloquy was constitutionally deficient because the court failed to advise [] Appellant that he faced a mandatory consecutive term of imprisonment?

3.   Whether the sentence imposed was illegal because it called for a concurrent term of imprisonment contrary to 61 Pa.C.S.A. § 6138 (the "Parole Act")?

4.   Whether the District Attorney for Somerset County was legally or ethically prohibited from participating in Appellant's case in a prosecutorial capacity because she had previously served as his defense counsel in other cases?

5.   Whether plea/sentencing counsel was ineffective as evidenced by his failure to object or file appropriate post-sentence motions or appeals regarding the deficiencies in the plea colloquy, the illegal sentence imposed by the court, and/or the District Attorney's conflict of interest?

Appellant's Brief at 4 (PCRA court's and suggested answers omitted).

Our standard of review of the denial of a PCRA petition is limited to examining whether the court's rulings are supported by the evidence of record and free of legal error. *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

As an initial matter, Appellant's brief fails to indicate where in the record he preserved his multiple issues, in violation of Pa.R.A.P. 2117(c) and 2119(e). These violations are significant because, while Appellant may have presented the PCRA court with an amended PCRA petition, the certified record and the PCRA court's docket demonstrate that he did not file of record an amended PCRA petition. "Our law is unequivocal that the

responsibility rests upon the appellant to ensure that the record certified on appeal is complete in the sense that it contains all of the materials necessary for the reviewing court to perform its duty." **Commonwealth v. Bongiorno**, 905 A.2d 998, 1000 (Pa. Super. 2006). Moreover,

> [a]n appellate court is limited to considering only the materials in the certified record when resolving an issue. In this regard, our law is the same in both the civil and criminal context because, under the Pennsylvania Rules of Appellate Procedure, any document which is not part of the officially certified record is deemed non-existent—a deficiency which cannot be remedied merely by including copies of the missing documents in a brief or in the reproduced record.

**Commonwealth v. Preston**, 904 A.2d 1, 6-7 (Pa. Super. 2006) (citation omitted). With these principles in mind, we will address Appellant's issues.

Under his first two issues, Appellant argues that his guilty plea was involuntary because the factual basis offered during the plea colloquy was insufficient and because he was not informed that a direct consequence of his guilty plea included a mandatory consecutive term of imprisonment. Under his fourth issue, Appellant reasserts his claim that the district attorney should have recused herself from Appellant's plea and sentencing hearings due to a conflict of interest. Assuming *arguendo* that Appellant raised these issues in the PCRA court, they still are waived.

For purposes of the PCRA, "an issue is waived if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state postconviction proceeding." 42 Pa.C.S.

§ 9544(b). Appellant could have raised his challenge to the voluntariness of his guilty plea in a post-sentence motion to withdraw his plea. **See**, **e.g.**, **Commonwealth v. Muhammad**, 794 A.2d 378, 383 (Pa. Super. 2002) (observing that a defendant can challenge the voluntariness of his guilty plea in a post-sentence motion to withdraw a guilty plea). In addition, to the extent that the district attorney's presence at the plea and sentencing hearings created a conflict of interest, the conflict existed at the plea and sentencing hearings and could have been raised then. Consequently, Appellant waived these issues for purposes of the PCRA.

We now consider Appellant's fifth issue. Under this issue, Appellant presents four claims of ineffective assistance of counsel. First, he argues that plea counsel was ineffective for failing to file a motion to withdraw his guilty plea due to the lack of an adequately-stated factual basis for his charges during the plea colloquy. Secondly, he maintains that plea counsel was ineffective for failing to file the same motion because, during the plea colloquy, Appellant was not informed that he would receive a consecutive sentence since he already was serving a sentence based upon a revocation of parole. Next, Appellant essentially claims that plea counsel was ineffective for failing to object to the previously-discussed illegality of his sentence. Lastly, Appellant contends that plea counsel was ineffective for failing to object to the district attorney's participation in his plea and sentencing hearings based upon her alleged conflict of interest.

"Issues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). Based upon the record before us, we conclude that Appellant raised in the PCRA court only one of the claims of ineffective assistance of counsel he presents in his appellate brief. Specifically, in his "Addendum to Amended PCRA Petition," Appellant contended that plea counsel was ineffective for failing to object to the illegality of his sentence. Appellant has waived the claims that he failed to raise in the PCRA court.

Concerning the claim that Appellant did preserve for our review, we need not analyze it under the rubric of a claim of ineffective assistance of counsel, as Appellant presents the underlying illegal-sentence claim under his third issue; such an issue is cognizable under the PCRA; and such an issue is reviewable even if Appellant would not have raised it in the PCRA court. *See*, *e.g.*, *Commonwealth v. Davis*, 760 A.2d 406, 409 (Pa. Super. 2000) (finding Davis' challenges to the legality of sentence to be cognizable under the PCRA and noting that such challenges cannot be waived).

Appellant's challenge to the legality of his sentence is based upon the following statutory language found at 61 Pa.C.S. § 6138.[1]

---

[1] To the extent that we must interpret section 6138 in order to resolve this issue, we are guided by the following principles of law.

> Statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is *de novo.*

**(a) Convicted violators.--**

(1) A parolee under the jurisdiction of the board released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the board be recommitted as a parole violator.

\*\*\*

(5) If a new sentence is imposed on the parolee, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases:

> (i) If a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138.

Thus, pursuant to the clear and unambiguous language of this statute, if a parolee receives a new sentence, then the parolee must serve his or her original sentence before beginning to serve his or her new sentence, when, *inter alia*, the parolee was paroled from a state correctional institution and

---

Pennsylvania's Statutory Construction Act informs our analysis, establishing, "The object of all interpretation and construction is to ascertain and effectuate the intention of the General Assembly." 1 Pa.C.S.A. § 1921(a). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b)....

*Commonwealth v. Van Aulen*, 952 A.2d 1183, 1184-85 (Pa. Super. 2008) (some citations omitted).

- 9 -

the new sentence imposed on the parolee is to be served in the state correctional institution.

Here, the record establishes the following. At his guilty plea colloquy, Appellant stated that he currently was serving a sentence at S.C.I. Cresson. N.T., 2/12/2013, at 6. At his sentencing hearing, the court sentenced Appellant to 4 to 8 years in prison, to be served at a state correctional institution. N.T., 5/31/2013, at 6. The court also ordered that this sentence was to be served concurrently to the sentence Appellant was then serving. *Id.* The court further noted that Appellant was being supervised by the State Board of Probation and Parole when he committed the offense to which he pled guilty.

In its Pa.R.A.P. 1925(a) opinion, the PCRA court acknowledged that Appellant "was serving a state parole revocation sentence at the time" he received his new sentence. PCRA Court Opinion, 2/4/2015, at 2. The court also determined that, due to Appellant's circumstances, it was bound to follow 61 Pa.C.S. § 6138. *Id.* The court then concluded,

> At the time of sentencing, despite the fact that [the court] had a Pre-Sentence Investigation Report prepared by the Adult Probation Department, [the court] missed the fact that [Appellant] was on State Parole and, as a result, failed to order the sentence to run consecutively with the revocation back-time [Appellant] was then serving.

*Id.*

The court, however, ultimately rejected Appellant's claim that his sentence is illegal. The court seemed to believe that, because 61 Pa.C.S. § 6138 mandates that Appellant serve his new sentence consecutively to his original sentence, the court's stated desire for the sentences to run concurrently is of no significance. We are unconvinced by the court's reasoning.

Pursuant to the clear and unambiguous language of 61 Pa.C.S. § 6138(a)(5)(i), if Appellant was paroled from a state correction institution and his new sentence must be served in a state correctional institution, then Appellant must serve the entirety of his original sentence before he can begin serving his new sentence. Stated somewhat differently, if Appellant was paroled from a state correction institution and his new sentence must be served in a state correctional institution, then the portion of his new sentence requiring him to serve his new sentence concurrently with his state parole sentence is illegal.[2] The certified record strongly suggests that

_____

[2] According to Appellant's "Addendum to Amended PCRA Petition," the Department of Corrections refused to "honor [the trial court's] sentencing order, citing 61 Pa.C.S.A. § 6138(a)(5), which requires that any new sentence be served consecutive to the parole revocation sentence." Addendum to Amended PCRA Petition, 9/10/2014, at 2 (footnote omitted). We observe that, in *Fajohn v. Department of Corrections*, 692 A.2d 1067 (Pa. 1997), "the Supreme Court held that the Department [of Corrections] cannot be compelled by a writ of mandamus to enforce an illegal sentencing order." *Sturgis v. Doe*, 26 A.3d 1221, 1224 (Pa. Commw. 2011). "In accordance with *Fajohn*, [the Commonwealth Court] has repeatedly and consistently held that mandamus is not available to compel the Department to enforce an illegal sentencing order." *Id.*

Appellant was serving a sentence stemming from the revocation of state parole when he received his new sentence; however, the record is not definite on this point. Consequently, we vacate the PCRA court's order. We remand the matter for the court to make a determination of this fact. If indeed Appellant was serving a term of incarceration stemming from the revocation of state parole when he received his new sentence, then the court shall grant Appellant's PCRA petition, vacate his judgment of sentence, and order a new sentencing hearing. If he was not serving such a sentence, then the court shall deny Appellant's PCRA petition.

Order vacated. Case remanded with instructions. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.

Prothonotary


Date: 7/17/2015