J-S59020-15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JEREMY MICHAEL GORNEY, | : | |
| | : | |
| Appellant | : | No. 136 WDA 2015 |

Appeal from the Judgment of Sentence August 21, 2013,
Court of Common Pleas, Erie County,
Criminal Division at No(s): CP-25-CR-0000085-2009,
CP-25-CR-0000840-2013, CP-25-CR-0000843-2013
and CP-25-CR-0002339-2009

BEFORE:  BOWES, DONOHUE and FITZGERALD*, JJ.

MEMORANDUM BY DONOHUE, J.:            **FILED SEPTEMBER 24, 2015**

Appellant, Jeremy Michael Gorney ("Gorney"), appeals from the judgment of sentence entered on August 21, 2013 by the Court of Common Pleas of Erie County, Criminal Division, following his guilty plea to attempted escape, institutional vandalism, fleeing or attempting to elude a police officer, driving while operating privilege is suspended or revoked, reckless driving, and driving under the influence of alcohol or a controlled substance.[1] For the reasons that follow, we affirm.

A prior panel of this Court summarized the relevant facts and procedural history of this case as follows:

---

[1] 18 Pa.C.S.A. §§ 901(a), 5121(a), 3307(a)(5); 75 Pa.C.S.A. §§ 3733(a), 1543(a), 3736(a), 3802(c).

*Former Justice specially assigned to the Superior Court.

Due to the nature of our disposition, we do not need to recite, in detail, the events that gave rise to the charges involved in this case. It is sufficient to state that on February 24, 2013, Gorney drove his 1998 Oldsmobile Bravada while under the influence of alcohol. N.T., 7/8/13, at 12. When policed tried to pull him over, he attempted to flee, starting a high-speed police chase. *Id.* at 11. After police finally apprehended Gorney, he attempted to escape by damaging his handcuffs. *Id.* at 10.

On July 8, 2013, Gorney pled guilty to the above-referenced crimes. On August 21, 2013, the trial court revoked Gorney's five-year probation sentence for a prior burglary conviction, of which he had already served approximately three and a half years. On that date, the trial court re-sentenced Gorney on two separate dockets to both consecutive and concurrent sentences totaling 45 to 90 months of incarceration. On September 3, 2013, Gorney filed a motion to modify/reconsider sentence that the trial court denied the following day.

*Commonwealth v. Gorney*, 1578 WDA 2013 at 1-2 (Pa. Super. May 27, 2014) (unpublished memorandum).

On May 27, 2014, this Court affirmed Gorney's judgment of sentence, finding each of the issues that he raised on appeal waived. *See id.* at 3-7. Consequently, on June 16, 2014, Gorney filed a pro se motion for post-conviction collateral relief in which he averred that he received ineffective assistance of counsel from his appointed appellate counsel because his defective appellate brief resulted in the waiver of all issues on appeal. *See* Motion for Post-Conviction Collateral Relief, 6/16/14, ¶¶ 14-20. On September 23, 2014, Gorney filed a motion for waiver of counsel pursuant

- 2 -

to Rule 121(A). On October 22, 2014, Gorney formally waived his right to counsel. On December 23, 2014, the PCRA court granted Gorney's PCRA petition and reinstated his direct appeal rights nunc pro tunc.

On January 28, 2015, the trial court ordered Gorney to file a concise statement of the errors complained of on appeal pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure. On February 12, 2015, Gorney filed his timely pro se Rule 1925(b) statement.[2]

From what we are able to discern from his pro se appellate brief, Gorney raises the following issues for our review and determination. First, Gorney argues that the trial court abused its discretion in sentencing him because the consecutive nature of his sentence made his aggregate sentence unreasonable. **See** Gorney's Brief at 9-10. Second, Gorney contends that the trial court did not consider Gorney's rehabilitative needs in sentencing him. **See id.** Third, Gorney challenges the trial court's ruling that he is ineligible for sentencing pursuant to the Recidivism Risk Reduction Incentive Act, 61 Pa.C.S.A. § 4501, *et seq.* ("the RRRI Act"). **See id.** at 9-10, 13-12.

Both the trial court and the Commonwealth contend that Gorney has not preserved any issue for appellate review because he did not raise them with specificity in his Rule 1925(b) statement and that his Rule 1925(b)

---

[2] The trial court made a finding that Gorney stated on the record that he wished to continue to act pro se on appeal. Trial Court Order, 12/23/14.

statement is too vague. Trial Court Opinion, 2/13/15; Commonwealth's Brief at 2-3. With respect to Gorney's first two issues, which challenge the discretionary aspects of his sentence, we agree.

"If a Rule 1925(b) statement is too vague, the trial judge may find waiver and disregard any argument." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006). This Court has explained:

> [W]e observe generally that issues not raised in a Rule 1925(b) statement will be deemed waived for review. *Commonwealth v. Castillo*, [] 888 A.2d 775, 780 ([Pa.] 2005) (quoting *Commonwealth v. Lord*, [] 719 A.2d 306, 309 ([Pa.] 1998)). An appellant's concise statement must properly specify the error to be addressed on appeal. *Commonwealth v. Dowling*, 778 A.2d 683 (Pa. Super. 2001). In other words, the Rule 1925(b) statement must be "specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), appeal denied, [] 919 A.2d 956 ([Pa.] 2007). "[A] [c]oncise [s]tatement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Id.* The court's review and legal analysis can be fatally impaired when the court has to guess at the issues raised. *Id.* Thus, if a concise statement is too vague, the court may find waiver. *Id.*

*Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011).

Gorney's Rule 1925(b) statement provides as follows:

> The trial court abused its discretion and [Gorney]'s sentence was unreasonable in that at [docket number] 843-2013, Gorney received, at count one[,] a thirty (30) month to sixty (60) month sentence [] and at count seventeen[,] a three (3) month to six

(6) month [sentence], consecutive to count one. This sentence at docket number 843-2013 was ordered to run consecutive to the sentence at docket number 85-2009[, where Gorney] received [a sentence of] twelve (12) months to twenty-four (24) months [of] incarceration.

Rule 1925(b) Statement, 2/12/15.

Gorney did not specify any of the issues he raises on appeal in his Rule 1925(b) statement, which precluded the trial court's review of those claims. In response to Gorney's Rule 1925(b) statement, the trial court stated: "[Gorney] does not articulate or specify how or why his sentence was unreasonable or the [c]ourt abused its discretion. This claim is boilerplate and does not raise any issue with specificity and is therefore waived." Trial Court Opinion, 2/13/15. "[W]e do not accept bald assertions of sentencing errors. Rather, [an appellant] must support his assertions by articulating the way in which the court's actions violated the sentencing code." *Commonwealth v. Malovich*, 903 A.2d 1247, 1252 (Pa. Super. 2006). Accordingly, we must conclude that Gorney has waived his first two issues on appeal. *See Hansley*, 24 A.3d at 415.

Even if Gorney had preserved his discretionary aspects of sentencing claims for review, we would conclude that they are meritless. Gorney asserts that the consecutive nature of his sentence made his aggregate sentence unreasonable and that the trial court did not take into consideration his rehabilitative needs in sentencing him. *See* Gorney's Brief

- 5 -

at 9-10. Section 9721(b) of the Sentencing Code provides, in pertinent part, as follows:

> **(b) General standards.--** … the court shall follow the general principle that the sentence imposed should call for confinement that is consistent with the protection of the public, the gravity of the offense as it relates to the impact on the life of the victim and on the community, and the rehabilitative needs of the defendant. … In every case in which the court imposes a sentence for a felony or misdemeanor, modifies a sentence, resentences an offender following revocation of probation, county intermediate punishment or State intermediate punishment or resentences following remand, the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed.

42 Pa.C.S.A. § 9721(b). "Generally, Pennsylvania law affords the sentencing court discretion to impose its sentence concurrently or consecutively to other sentences being imposed at the same time or to sentences already imposed." *Commonwealth v. Austin*, 66 A.3d 798, 808 (Pa. Super. 2013) (quotations and citation omitted), *appeal denied*, 77 A.3d 1258 (Pa. 2013).

In sentencing Gorney, the trial court indicated that it considered Gorney's "age, his background, his character and rehabilitative needs, the nature, circumstances and seriousness of the offense, the protection of the community and [Gorney]'s performance while under supervision." N.T., 8/21/13, at 15-16. The trial court further considered Gorney's extensive criminal history, that it previously sentenced Gorney for past crimes in the mitigated range, his juvenile record, and his overall history of poor decision-

making. *See id.* at 16-18. Despite determining a sentence in the aggravated range may have been appropriate (because Gorney was on probation at the time of the crimes, he started a high-speed police chase, and he tried to escape policy custody), the trial court ultimately decided to sentence Gorney in the standard guideline range. *See id.* at 19.

Therefore, Gorney's sentence was reasonable in light of the circumstances of this case. The trial court had the discretion to sentence Gorney to consecutive sentences and the record reflects that the trial court took into consideration Gorney's rehabilitative needs in sentencing him. As such, Gorney's discretionary aspects of sentencing claims have no merit.

We do not conclude, however, that Gorney has waived his third issue on appeal, even though he has not properly preserved the issue for appeal by including it in his Rule 1925(b) statement. For his third issue, Gorney challenges the trial court's determination that he is not RRRI-eligible. The failure to impose an RRRI sentence implicates the legality of the sentence imposed. *Commonwealth v. Barbaro*, 94 A.3d 389, 391 (Pa. Super. 2014). Claims concerning the legality of a sentence are not waivable. *Commonwealth v. Jacobs*, 900 A.2d 368, 372 (Pa. Super. 2006). Therefore, we will address the merits of Gorney's third issue.

Under the RRRI Act:

> (1) … a sentencing court **must** designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation, and (2) … a defendant is

eligible for that designation if he has not been previously convicted of certain enumerated offenses and "[d]oes not demonstrate a history of present or past violent behavior."

***Commonwealth v. Gonzalez***, 10 A.3d 1260, 1262 (Pa. Super. 2010) (quoting 61 Pa.C.S.A. § 4503) (footnote omitted, emphasis in original). Therefore, the RRRI Act requires the sentencing court to determine whether the defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a). The RRRI Act defines an "eligible offender," in relevant part, as:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> \* \* \*
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), [18 P.S. § 11.103,] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

61 Pa.C.S.A. § 4503 (footnote omitted). The Crime Victims Act defines "personal injury crimes" as follows:

> An act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

> \* \* \*

> 18 Pa.C.S. Ch. 27 (relating to assault).

18 P.S. § 11.103.

Here, the certified record reflects that in 2010, Gorney was convicted of criminal conspiracy to commit simple assault, 18 Pa.C.S.A. §§ 903(a), 2701(a), graded as a second-degree misdemeanor. Under section 4503, Gorney is therefore ineligible for an RRRI sentence, as his conspiracy to commit simple assault conviction was not graded as a third-degree misdemeanor. **See** 61 Pa.C.S.A. § 4503; **see also** 18 P.S. § 11.103. Accordingly, the trial court did not err in determining that Gorney was not RRRI-eligible.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/24/2015