**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Abraham GONZALEZ, Appellant.**

Superior Court of Pennsylvania.

Argued April 13, 2010.

Filed Dec. 13, 2010.

Bradley S. Bridge, Public Defender, Philadelphia, for appellant.

William Q. Young, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

BEFORE: FORD ELLIOTT, P.J., BOWES, J., and McEWEN, P.J.E.

OPINION BY McEWEN, P.J.E.:

Appellant, Abraham Gonzalez, here appeals from the judgment of sentence to serve a term of imprisonment of from two and one-half years to six years, a sentence imposed after he pleaded guilty to one count of possession of a controlled substance (heroin) with intent to deliver. We vacate the judgment of sentence and remand for resentencing.

The germane facts of this case are not in dispute. Appellant was arrested in March of 2006 based upon probable cause of the sale of drugs in Philadelphia. At the time of his arrest he had in his possession 52 individual "packets" of heroin that had an aggregate weight of 1.216 grams. On September 11, 2008,[1] appellant entered a negotiated plea of guilty to a single count of possession of a controlled substance with intent to deliver. A pre-sentence report was prepared, which indicated, *inter alia*, that appellant had a prior conviction for burglary—graded as a felony of the second degree (hereinafter referred to as an F2 burglary). The sentence to serve a term of imprisonment of from two and one-half years to six years was imposed by the trial judge on January 23, 2009. The judge simultaneously denied appellant's request to have the sentence designated as a Recidivism Risk Reduction Incentive (RRRI)[2] minimum sentence, a designation that would have enabled appellant to reduce the term of his minimum sentence if he complied with all the obligations of certain rehabilitative programs. Appellant filed a petition to modify sentence, which was denied, and this appeal followed.

Appellant, in the brief filed in support of this appeal, advances the argument that "[t]he sentencing judge erred by not imposing an [RRRI] minimum sentence based upon his erroneous belief that a prior F2 burglary automatically disqualified [appellant] from receiving the benefit of that statutory program." Brief of Appellant, p. 9.

We commence our examination of the relevant statutory language mindful of the well settled rule that "[s]tatutory interpre-

---

1. There is no specific explanation in the record for the two and one-half year lapse in time between the arrest of appellant and his guilty plea. However, the record does indicate at least one failure to appear on the part of the appellant, and a number of continu-ances. It bears emphasis that appellant does not assert any issue related to the time period between his arrest and the entry of his plea.

2. *See:* 61 Pa.C.S. §§ 4501–4512.

tation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is *de novo*." *Commonwealth v. Van Aulen*, 952 A.2d 1183, 1184 (Pa.Super.2008), *appeal denied*, 600 Pa. 749, 965 A.2d 245 (2009) (citation omitted). Moreover, "statutes or parts of statutes that relate to ... the same class of persons or things are to be construed together, if possible." *Commonwealth v. Hansley*, 994 A.2d 1150, 1152 (Pa.Super.2010) (citation omitted; internal quotations omitted). *See:* 1 Pa.C.S. § 1932.

The RRRI Act constitutes an ameliorative statute enacted by the General Assembly for the following purpose:

> This [statute] seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S. § 4502. *See generally: Commonwealth v. Hansley, supra.* It provides (1) that a sentencing court *must* designate a sentence as an RRRI sentence whenever the defendant is eligible for that designation,[3] and (2) that a defendant is eligible for that designation if he has not been previously convicted of certain enumerated offenses and "[d]oes not demonstrate a history of present or past violent behavior." 61 Pa.C.S. § 4503 (defining "Eligible offender").[4] Although the Act does not define the phrase "present or past violent behavior," the trial court ruled that appellant's prior conviction of an F2 burglary— which was not otherwise enumerated as a disqualifying offense under the RRRI statute—constituted evidence of "past violent behavior."

■ As we consider the question whether the phrase "present or past violent behavior" was intended to include an F2 burglary within its scope, we first find guidance in the graduated definition of burglary as set forth in the Pennsylvania Crimes Code, which provides in relevant part:

> (a) **Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
>
> . . .
>
> (c) **Grading.**—
>
> (1) Except as provided in paragraph (2), burglary is a felony of the first degree.
>
> (2) If the building, structure or portion entered is not adapted for overnight accommodation and *if no individual is present at the time of entry,* burglary is a felony of the second degree.

18 Pa.C.S. § 3502(a), (c) (emphasis supplied). Thus, an F2 burglary, by definition, does not involve the risk of violence, or injury, to another person. It is solely an offense against the property rights of the owner of the subject premises.

This distinctive treatment of the two grades of burglary is consistently recognized in various sentencing related statutes. For example, Section 9714(g) of the

---

**3.** *See:* 61 Pa.C.S. § 4505(a) (sentencing "court shall make a determination whether the defendant is an eligible offender"); 61 Pa.C.S. § 4505(c) (For an eligible offender, the sentencing "court shall enter a sentencing order that [conforms to the Act].").

**4.** While the statutory definition of "eligible offender" contains multiple categories of exclusions, the only exclusion relevant to this case is the "history" of violent behavior exclusion.

Sentencing Code, which addresses sentencing of recidivist offenders, provides:

As used in this section, the term "crime of violence" means murder of the third degree, voluntary manslaughter, aggravated assault as defined in 18 Pa.C.S. § 2702(a)(1) or (2) (relating to aggravated assault), rape, involuntary deviate sexual intercourse, aggravated indecent assault, incest, sexual assault, arson as defined in 18 Pa.C.S. § 3301(a) (relating to arson and related offenses), kidnapping, *burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present*, robbery as defined in 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery), or robbery of a motor vehicle, or criminal attempt, criminal conspiracy or criminal solicitation to commit murder or any of the offenses listed above, or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in a another jurisdiction.

42 Pa.C.S. § 9714(g) (emphasis supplied). Thus, the General Assembly did not include all burglaries in its definition of a "crime of violence." We further note that the statute governing a convicted defendant's eligibility for "boot camp" distinguishes between burglary graded as a felony of the first degree and burglary graded as a felony of the second decree, with only the former rendering the defendant ineligible. *See:* 61 Pa.C.S. § 3903 (defining "Eligible inmate"). Finally, the Pennsylvania Crime Victims Act does not include an F2 burglary as a "personal injury crime" within its definition. *See:* 18 P.S. § 11.103.

■ Consequently, in light of the fact that the RRRI statute constitutes a remedial Act [5] enacted by the General Assembly to provide a means for the Department of Corrections to encourage "inmate participation in evidence-based programs that reduce the risks of future crime," [6] and given consistent legislative distinctions made by the General Assembly in its treatment of F2 burglary offenses, we conclude that appellant's prior F2 burglary should not have been construed as an indication of "past violent behavior" sufficient to disqualify him from an RRRI sentence.[7]

Accordingly, we vacate the judgment of sentence, and remand this case for proceedings consistent with this Opinion. Jurisdiction relinquished.

The motion for post-submission communication is granted.

BOWES, J., files a dissenting opinion.

---

5. It bears particular emphasis that the General Assembly has specifically instructed that, unless otherwise indicated, "provisions of a statute shall be liberally construed to effect their objects and to promote justice." 1 Pa. C.S. § 1928(c).

6. 61 Pa.C.S. § 4502. *See generally: Commonwealth v. Main*, 6 A.3d 1026 (Pa.Super.2010) ("[P]rimary authority for execution of the RRRI program lies with the Department of Corrections and the Board of Probation and Parole.").

7. While we are mindful of the decision in *Commonwealth v. Pruitt*, 597 Pa. 307, 951 A.2d 307 (2008), *cert. denied,* —— U.S. ——, 129 S.Ct. 1614, 173 L.Ed.2d 1001 (2009), which is relied upon in the Dissenting Opinion of our learned colleague, we are of the view that the discussion in that case of the traditional view of burglary is inapposite to the statutory construction inquiry at issue in this case. Moreover, the Supreme Court there was addressing the situation of "an unprivileged entry into a building or structure *'where people are likely to be found.'"* *Id.,* 597 Pa. at 331, 951 A.2d at 321 (emphasis supplied). Here, however, by definition, the F2 classification of burglary is confined to those situations where, *inter alia,* "no individual is present at the time of entry." 18 Pa.C.S. § 3502(c) (emphasis supplied).

DISSENTING OPINION BY BOWES, J.:

I disagree with the learned majority's conclusion that the sentencing court erred as a matter of law in finding that Abraham Gonzalez's prior conviction of burglary graded as a second-degree felony demonstrated a history of violent behavior that rendered him ineligible to receive an incentive minimum sentence pursuant to the Recidivism Risk Reduction Incentive Act ("RRRIA" or "RRRI"), 61 Pa.C.S. §§ 4501–4512. Accordingly, I respectfully dissent.

At the outset, I observe that this case does not implicate the subsection of the statute that automatically disqualifies certain offenders with prior convictions for certain enumerated offenses. It is beyond argument that burglary graded as a felony of the second degree is not one of the enumerated disqualifying offenses. Instead, this case revolves upon whether the trial court erred in finding that Appellant's prior conviction for burglary graded as a second-degree felony constituted "past violent behavior," which the RRRIA deems one of several alternative bases for disqualification. Accordingly, unlike the majority, I would focus less upon how the General Assembly viewed the lesser-graded burglary offense in unrelated statutory provisions and focus more upon our Supreme Court's traditional perspective of burglary. As discussed *infra*, the majority minimized the Supreme Court's conventional viewpoint in overruling the sentencing court's eligibility determination.

As the majority accurately summarized the pertinent facts and procedural history, I will not repeat them herein. However, I point out that while statutory interpretation implicates a question of law, the threshold question of Appellant's RRRI eligibility in this case was a matter of the sentencing court's discretion. *See* 61 Pa. C.S. § 4505(a) ("At the time of sentencing,

the court shall make a determination whether the defendant is an eligible offender.") *and* 61 Pa.C.S. § 4505(c) ("If the court determines that the defendant is an eligible offender, . . . ."). Therefore, I believe the applicable standard of review is whether the sentencing court abused its discretion in finding Appellant ineligible to participate in the RRRI program. *Cf. Commonwealth v. Johnson*, 868 A.2d 1278, 1282 (Pa.Super.2005) (sentencing judge has discretion to determine inmate's threshold eligibility to participate in motivational boot camp pursuant to what is now 61 Pa.C.S. § 3904).

The RRRIA defines an eligible offender, in pertinent part, as follows:

"Eligible offender." A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:

(1) Does not demonstrate a history of present or past violent behavior.

. . . .

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P.L. 882, No. 111), known as the Crime Victims Act, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

. . . .

61 Pa.C.S. § 4503 (footnote omitted). The three-pronged purpose of the RRRIA is to "[ensure] appropriate punishment for persons who commit crimes, [encourage] inmate participation in evidence-based programs that reduce the risks of future crime, and [ensure] the openness and accountability of the criminal justice process

while ensuring fairness to crime victims." 61 Pa.C.S. § 4502.

Herein, the trial court proffered the following reasons for denying Appellant RRRI eligibility.

> [Appellant] argued at sentencing that since an F2 Burglary was not part of the enumerated list of offenses for which disqualification is automatic, *i.e.,* [a personal injury crime as defined under the Crime Victims Act such as] homicide, assault, kidnapping and related offenses, he was entitled to an RRRI minimum. His argument, however, fails to take into consideration the portion of the definition of "eligible offenders" which specifically excludes an individual with a history of present or past violent behavior. This jurist [is] of the opinion that any breaking and entering into a structure, regardless of the inhabitation of the structure, is a violent act, especially in light of the fact that a conviction for burglary also requires proof that the defendant intended to commit a crime therein.

Trial Court Opinion, 8/12/09, at unnumbered pages 4–5. From my viewpoint, the sentencing court's consideration of Appellant's prior burglary conviction as grounds to find him ineligible to receive a RRRI sentence pursuant to subsection 4503(1) is not tantamount to an abuse of discretion. Mindful of the statutory language in section 4505(a) and (c), *supra,* and the General Assembly's stated purposes of the RRRIA to, *inter alia,* ensure appropriate punishment, accountability of the criminal justice process, and fairness to victims, I believe that the legislature granted sentencing courts discretion pursuant to subsection 4503(1) to restrict participation in the program to offenders who pose the least risk to the public upon their early release from prison.[1]

The majority's contrary position, that "an F2 burglary, by definition, does not involve the risk of violence, or injury, to another person," misapplies Supreme Court case law supporting the proposition that burglary has traditionally been considered a violent crime regardless of the grading. Majority Opinion at 1262. In *Commonwealth v. Pruitt,* 597 Pa. 307, 951 A.2d 307, 321 (2008), our Supreme Court addressed whether a defendant's prior conviction for burglary that did not involve the threat of violence could be considered as an aggravating circumstance during the penalty phase of a first-degree murder trial. Pursuant to 42 Pa.C.S. § 9711(d)(9), aggravating circumstances were limited to, *inter alia,* "a significant history of felony convictions involving the use or threat of violence to the person." Reasoning that burglaries were violent crimes, regardless of whether they involved the use or threat of violence, the *Pruitt* Court cogently summarized the pertinent case law as follows:

> [T]his Court has recently reiterated that "burglary is always classified as a violent crime in Pennsylvania." *Commonwealth v. Rios,* 591 Pa. 583, 920 A.2d 790, 814 (2007). We made expressly clear that this was the law when the *Rios* appellant was sentenced to death (in 1993), and it remains the law today. *Id.* We reached the same conclusion in *Commonwealth v. Bracey,* 541 Pa. 322, 662 A.2d 1062, 1075 n. 15 (1995) and in *Commonwealth v. Rolan,* 520 Pa. 1, 549 A.2d 553, 559 (1988). In *Rolan,* this Court explained in detail the historical rationale behind the classification of burglary as a crime of violence, drawing on the common law recognition that burgla-

---

1. I recognize that the sentencing courts lack discretion to make this determination under the subsections of the definition of an eligible offender that automatically disqualifies certain offenders who commit an enumerated crime. *See* 61 Pa.C.S. § 4503(2)-(6).

ry by its very nature involves the use or threat of violence to the person. *Id.* at 558–59. We pointed out that an unprivileged entry into a building or structure "where people are likely to be found is a clear threat to their safety" and that "every burglar knows when he attempts to commit his crime that he is inviting dangerous resistance." *Id.* at 559. Based on the precedent and the reasoning of *Rios* and *Rolan,* we conclude that the Commonwealth was entitled to pursue Appellant's burglary convictions as an aggravating circumstance. . . .

*Pruitt, supra* at 321, 951 A.2d 307 (footnote omitted).

While our General Assembly has carved certain specific exceptions to the traditional perspective, two of which were cited by the majority, *i.e.,* sentencing for recidivist offenders pursuant to 42 Pa.C.S. § 9714(g), and motivational boot camp eligibility pursuant to 61 Pa.C.S. § 3903, the legislature did not draw a similar distinction in the RRRIA. Absent a concise definition of "a history of . . . violent behavior," which the RRRIA does not explain, or a clear intent to import the narrow definition the General Assembly crafted in the punitive recidivists statute, I would revert to the broad common-law perspective that our Supreme Court identified in *Pruitt, supra.*[2] Thus, I do not believe the noted exceptions to the traditional view precluded the sentencing court from considering Appellant's burglary conviction in determining his RRRI eligibility pursuant to 61 Pa.C.S. § 4503(1).

Moreover, I find that the majority's concentration on the definition of "Crime of violence" as it is defined in the recidivist statute is misplaced. In fact, I do not believe that the RRRIA's reference to a "history of present or past violent behavior" necessarily equates to a prior criminal offense. There are myriad circumstances where violent behavior does not result in a criminal conviction, *e.g.,* a mutual fight where neither party files a criminal complaint, an assault on a family member who refused to cooperate with the criminal investigation, an indicated claim of child abuse that lacked sufficient proof to proceed to trial, or where prosecution of a violent offense is barred by the statute of limitations. Nothing in the statute reveals an intent to limit the sentencing court's consideration under this subsection to convictions. Instead, the broad statutory language encompasses any violent behavior regardless of criminal liability. I also note that the recidivist statute is punitive and was designed to impose harsh penalties upon a narrow class of repeat offenders. In contrast, the RRRI program was designed to grant leniency to non-violent offenders who could benefit from a program to reduce their risk of recidivism, and who do not pose a risk to the public upon their early release from prison.

Similarly, I do not believe the General Assembly's exclusion of burglary as a second-degree felony from the list of offenses that are ineligible for motivational boot camp is dispositive of the issue in the case *sub judice.* While the primary purpose of both statutes is to alleviate prison crowding, the General Assembly designed the motivational boot camp program "to sal-

---

**2.** Although the *Pruitt* Court's holding to affirm the use of a prior burglary conviction as an aggravating circumstance during the penalty phase of a first-degree murder trial is arguably *dicta,* I do not rely upon the case for that legal principle. *See Commonwealth v. Pruitt,* 597 Pa. 307, 951 A.2d 307, 321 n. 11 (2008). Instead, I reference the Supreme Court's summary of its traditional perspective of burglary as a violent offense because the identical sentiment applies herein, and I find the Supreme Court's rationale helpful in determining whether the sentencing court abused its discretion in concluding Appellant had a history of violent behavior.

vage the contributions and dedicated work which [prisoners] may someday offer ... [and] to explore alternative methods of incarceration which might serve as the catalyst for reducing criminal behavior." 61 Pa.C.S. § 3902(3). Hence, the eligibility determination for boot camp focuses on whether the inmate is currently serving a sentence for an offense that is amenable to an alternative method of incarceration. In contrast, subsection 4503(1) of the RRRI eligibility requirements disregards the offender's present offense, which in this case was Appellant's seventh conviction for possession of a controlled substance with intent to deliver, and it addresses only whether his past conduct demonstrates violent behavior. Simply stated, the considerations to determine eligibility for motivational boot camp programs differ from the RRRI eligibility requirements. Thus, contrary to the majority, I am not convinced that the distinction the General Assembly elected to draw between the two grades of burglary in fashioning the eligibility requirements for motivational boot camp is relevant herein.

In addition, I am not persuaded by the majority's reference to the Pennsylvania Crime Victims Act in support of the proposition that the General Assembly consistently recognizes a distinction between the two grades of burglary. While the majority accurately observed, "the Pennsylvania Crime Victims Act does not include an F2 burglary as a 'personal injury crime' within its definition," I am obliged to point out that the Act omits both grades of burglary from its definition of a "personal injury crime." *See* 18 P.S. § 11.103; Majority Opinion at 1262–63. Thus, contrary to the majority's insinuation, the General Assembly did not distinguish between the two grades of the offense in that definition.

In fact, from my perspective, the significance of the distinction between the two grades of burglary is inflated under the circumstances of this case. While the certified record does not elucidate the factual scenario underlying Appellant's burglary conviction, by definition, Appellant had to enter a building that was not adapted for overnight use and committed the offense when no individuals were present. *See* 18 Pa.C.S. § 3502(c)(2) (regarding grading of burglary as second-degree felony). If either one of these factors had been missing, the offense would have been graded as a first-degree felony. *See Commonwealth v. Rivera*, 983 A.2d 767, 769 (Pa.Super.2009). The factual basis of a burglary graded as a second-degree felony always possesses the innate potential to escalate to a first-degree felony upon the arrival of a single person. *Id.* at 770 ("If someone is legitimately in the structure at any time during a burglary, there is the same potential for violence regardless of whether that person was present at the moment of the breaking and entering"). Thus, the only thing that prevented Appellant from being convicted of a first-degree felony in the present case was the fortuity that no one stumbled upon the scene of his crime. *Id.* If a person had appeared, Appellant's conduct would have been tantamount to a first-degree felony. *Id.* at 769. This scenario illustrates the reality that although burglarizing an unoccupied structure poses less of a risk of violence than if a person is present, it does not eliminate that risk. As highlighted in the trial court's cogent rationale, the risk of violence to another person is obvious when an intruder breaks into someone else's property intending to commit a crime inside. Trial Court Opinion, 8/12/09, at unnumbered pages 4–5. Thus, unlike the majority, I believe that Appellant's behavior, in burglarizing even an unoccupied structure, involved the risk of violence or injury to another person, and thus constituted violent behavior.

For all of the foregoing reasons, I do not believe the sentencing court erred in find-

ing that Appellant was ineligible to participate in the RRRI program pursuant to 61 Pa.C.S. § 4503(1), due to a "history of present or past violent behavior." Accordingly, I respectfully dissent from the majority's decision to vacate the judgment of sentence and remand this matter for the sentencing court to designate an RRRI minimum sentence.