J-S64033-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
MICHAEL CHRISTOPHER HAYNICK, SR. :
:
Appellant : No. 511 MDA 2017
:

Appeal from the Judgment of Sentence February 9, 2017
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0003915-2016, CP-36-CR-0003916-2016, CP-36-CR-
0003917-2016, CP-36-CR-0003918-2016

BEFORE:   PANELLA, J., SHOGAN, J., and FITZGERALD,[*] J.

MEMORANDUM BY FITZGERALD, J.:              **FILED DECEMBER 14, 2017**

Appellant, Michael Christopher Haynick, Sr., appeals from his judgment of sentence of four and one-half to nine years' imprisonment following his guilty plea to a series of second-degree felony burglaries.[1]  Appellant argues that the trial court was required to sentence him under the Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S. §§ 4501-4512, because his 2005 conviction for attempted first-degree burglary[2] does not constitute a history of  past violent behavior.  We vacate the judgment of sentence and remand for further proceedings.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3502(a)(4), (c)(2).

[2] 18 Pa.C.S. § 901.

In April and May of 2016, Appellant committed six burglaries in various commercial establishments. In June 2016, Appellant was arrested and charged with six second-degree burglaries under 18 Pa.C.S. § 3502(a)(4).[3]

_____

[3] The version of the burglary statute under which Appellant was convicted stated:

> **(a) Offense defined.—**A person commits the offense of burglary if, with the intent to commit a crime therein, the person:
>
> (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;
>
> (3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or
>
> (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S. § 3502(a) (eff. 2012). Paragraphs (1) through (3) are graded as felonies of the first degree, and paragraph (4) is graded as a felony of the second degree, except in circumstances not relevant here. **_Id._** at § 3502(c)(1)-(2). Appellant was charged with six violations of Section 3502(a)(4).

On February 9, 2017, Appellant entered an open guilty plea at the above-captioned dockets and was sentenced to the aforementioned term of imprisonment. Appellant requested sentencing under the RRRI Act, but the sentencing judge declined on the ground that Appellant's prior conviction in 2005 for attempted first-degree burglary[4] constituted a history of violent behavior.[5] On February 17, 2017, Appellant filed timely post sentence motions requesting, *inter alia*, a RRRI sentence. On February 27, 2017, a different judge granted Appellant's motion but vacated that order on March 6, 2017. On March 7, 2017, the sentencing judge granted Appellant's post-sentence motions on a matter unrelated to this appeal but denied Appellant's motion for RRRI sentencing.

On March 22, 2017, Appellant timely appealed to this Court. On March 23, 2017, the sentencing judge ordered Appellant to file a Pa.R.A.P. 1925(b) statement within twenty-one days. On April 25, 2017, counsel for Appellant

---

[4] Appellant concedes that he attempted to commit first-degree burglary under the 1991 burglary statute. Appellant's Brief at 6-8.

[5] Although the sentencing transcript is not in the certified record, both parties agree that Appellant requested RRRI treatment at sentencing, and that the trial court denied this request due to his 2005 conviction for attempted burglary. *See* Defendant's Post Sentence Motions, at ¶ 12; Commonwealth's Motion For Reconsideration Of Order Granting Defendant's Post Sentence Motions, at ¶ 2. Thus, the absence of the sentencing transcript does not preclude appellate review. *See* Pa.R.A.P. 105(a) (appellate court may disregard requirements of any rule of appellate procedure on its own motion); *cf. Commonwealth v. Levy*, 83 A.3d 457, 461 n.2 (Pa. Super. 2013) (declining to quash appeal where defects in appellant's brief did not impede appellate review).

filed an untimely Pa.R.A.P. 1925(b) statement. On May 10, 2017, the sentencing judge filed a Pa.R.A.P. 1925 opinion.[6]

Appellant raises two issues in this appeal:

> I. Whether the trial court erred in determining that Appellant was not RRRI eligible because of his prior conviction for Criminal Attempt Burglary-Felony I?
>
> II. Whether the trial court erred in determining that Appellant was not RRRI eligible because [Appellant's] conviction for Felony 1 Attempted Burglary constituted a history of violent behavior?

Appellant's Brief at 4. We review these questions together. The issue, as we see it, is whether Appellant has a history of present or past violent behavior due to (1) his convictions for second-degree burglary in the present case, (2) his 2005 conviction for attempted first-degree burglary, or (3) both of the above. In our view, Appellant's convictions for second-degree burglary do not constitute a history of present or past violent behavior, but further proceedings are required to determine whether his 2005 conviction for attempted first-degree burglary evinces violent behavior.

---

[6] The Pennsylvania Rules of Appellate Procedure provide that if an appellant in a criminal case fails to file a court-ordered Pa.R.A.P. 1925(b) statement "such that the appellate court is convinced that counsel has been *per se* ineffective, the appellate court shall remand for the filing of a Statement *nunc pro tunc* and for the preparation and filing of an opinion by the judge." Here, counsel did not fail to file a Pa.R.A.P. 1925(b) statement but simply filed it after the deadline, and the sentencing judge thereupon prepared his opinion. Under these circumstances, we need not take any action other than to caution counsel to comply with court-ordered deadlines in the future. ***See Commonwealth v. Burton***, 973 A.2d 428, 432-33 (Pa. Super. 2009) (*en banc*).

The RRRI Act is a penal statute, **Commonwealth v. Chester**, 101 A.3d 56, 60 n.6 (Pa. 2014), which

> seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S. § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." 61 Pa.C.S. § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under Section 4505(b), the court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less[,]" or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S. § 4505(c)(2). If an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender[,]" he may "be paroled on the RRRI minimum sentence date unless the Board of Probation and Parole determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa. Code § 96.1(b).

To qualify for a RRRI minimum sentence, the defendant must establish that he is an "eligible offender," which the RRRI Act defines, in relevant part, as follows:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the [Department of Corrections] and who meets all of the following eligibility requirements:
>
> (1) Does not demonstrate a history of present or past violent behavior.

61 Pa.C.S. § 4503(1). The determination of whether the defendant fulfills these standards "entails statutory interpretation," for which "our review is *de novo* and plenary." **Commonwealth v. Cullen-Doyle**, 164 A.3d 1239, 1241 (Pa. 2017) (citation omitted).

## TREATMENT OF APPELLANT'S SECOND-DEGREE BURGLARIES UNDER THE RRRI ACT

Based on **Commonwealth v. Gonzalez**, 10 A.3d 1260 (Pa. Super. 2010), we hold that Appellant's present second-degree burglary convictions do not constitute "violent behavior" under Section 4503(1).

The defendant in **Gonzalez** pleaded guilty to a drug-related charge, but the trial court declined to impose an RRRI sentence due to one prior conviction for second-degree burglary. We reversed and remanded for an RRRI sentence on the basis that second-degree burglary was not "violent behavior." **Gonzalez**, 10 A.3d at 1263. The 1991 version of the burglary statute, which was in effect at the time of the defendant's burglary, provided:

**(a) Offense defined.** —A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

*** * ***

**(c) Grading.**—

(1) Except as provided in paragraph (2), burglary is a felony of the first degree.

(2) If the building, structure or portion entered **is not adapted for overnight accommodation and if no individual is present at the time of entry**, burglary is a felony of the second degree.

18 Pa.C.S. § 3502(a), (c) (eff. 1991) (emphasis added). In view of the bolded text, we held that "an F2 burglary, by definition, does not involve the risk of violence, or injury, to another person. It is solely an offense against the property rights of the owner of the subject premises." *Gonzalez*, 10 A.3d at 1262.

The legislature revised the burglary statute in 2012. The 2012 statute was in force at the time of Appellant's present convictions for burglary in 2016. Nevertheless, for the purposes of the present appeal, the pertinent elements of second-degree burglary in the revised statute are virtually the same as in the 1991 version. *Compare* 18 Pa.C.S. § 3502(a)(4) (eff. 2012) (defining second degree burglary as entry, with intent to commit crime therein, "into a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time

of the offense no person is present") **with** 18 Pa.C.S. § 3502(c)(2) (eff. 1991) (defining second degree burglary entry into "building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry"). Thus, **Gonzalez** applies to the 2012 statute, and second-degree burglary continues to remain non-violent behavior under the RRRI Act.[7]

---

[7] We think it important to mention that some tension appears to exist between this Court's decision in **Gonzalez** and our Supreme Court's decision in **Chester**, which suggests that all burglaries involve violent behavior, regardless of their degree. Both **Chester** and **Gonzalez** addressed the pre-2012 version of the burglary stature. In the course of holding that first-degree burglary is violent behavior under the RRRI Act, **Chester** reasoned:

> [A]lthough burglary involves the unlawful entry of another person's property, and although burglary is characterized as a property crime for purposes of the Pennsylvania Uniform Crime Report, **it is well established within our case law that "[b]urglary is a crime of violence as a matter of law,"** signifying that first-degree burglary necessarily constitutes violent behavior in all contexts, including under Section 4503(1). **See Commonwealth v. Spotz**, [] 47 A.3d 63, 104 ([Pa.] 2012) (finding appellant's prior burglary convictions were properly admitted as evidence of a significant history of violent felony convictions pursuant to 42 Pa.C.S.[] § 9711(d)(9)). Indeed, as we noted in **Commonwealth v. Rolan**, [] 549 A.2d 553 ([Pa.] 1988), burglary has been treated as a crime of violence dating back to the common law of England, which defined burglary as a forcible invasion into the home with the intent to commit a felony therein, and punished burglars with death "[b]ecause of the great public policy involved in shielding the citizenry from being attacked in their homes and in preserving domestic tranquility." **Id.** at 558 (citing Blackstone Commentaries on the Law, Book IV, pp. 223–28). Based upon those same motivations, and wishing to "protect people from the threat of violence in other situations," our

legislature expanded the common law scope of burglary when it drafted the Crimes Code, including within its definition various types of buildings and structures in addition to the home, and extending the definition to encompass both daytime and nighttime intrusions. **Rolan**, 549 A.2d at 558.

**We continue to view burglary as a crime of violence today based upon the well settled notion that "non-privileged entry . . . poses a threat of violence to persons."** [**Commonwealth v.**] **Small**, 980 A.2d [549,] 576 [(Pa. 2009)]; **see also Rolan**, 549 A.2d at 559 ("[T]he crime of burglary has always been and continues to be viewed as a crime involving the use or threat of violence to the person"); **Commonwealth v. Rios**, [] 920 A.2d 790, 814 ([Pa.] 2007) ("[B]urglary is always classified as a violent crime in Pennsylvania."); **Commonwealth v. Pruitt**, [] 951 A.2d 307, 321 ([Pa.] 2008) (citing cases noting that burglary is a crime of violence in Pennsylvania). While we have recognized that all burglaries are crimes of violence for purposes of the significant history of violent felony convictions aggravating circumstance for capital sentencing, **see** 42 Pa.C.S.[] § 9711(d)(9), as the Superior Court implied in **Gonzalez**, the case is even stronger for specifically construing the commission of the crime of first-degree burglary as violent behavior under Section 4503(1), given that, unlike second-degree burglary, first-degree burglary is listed as a crime of violence under the recidivist minimum sentencing provision in 42 Pa.C.S.[] § 9714(g), and the crime specifically renders an offender ineligible for motivational boot camp pursuant to 61 Pa.C.S.[] § 3903.

Moreover, the Crimes Code treats first-degree burglary distinctly from second-degree burglary, as first-degree burglary contemplates the potential for confrontation, whereas second-degree burglary does not. At the time [a]ppellant was charged, the burglary statute distinguished first-degree burglary from second-degree burglary based upon whether the building or structure entered was adapted for overnight accommodation and whether an individual was present at the time of entry. . . . Only if neither of these conditions were true—i.e., that there was no risk of

**WHETHER APPELLANT'S SINGLE CONVICTION FOR ATTEMPTED BURGLARY CONSTITUTES A HISTORY OF PRESENT OR PAST VIOLENT BEHAVIOR**

---

confrontation—was the entry a second-degree burglary. Thus, **in light of Pennsylvania's long-standing view of burglary as a violent crime**, as well as the fact that first-degree burglary is treated distinctly, and more severely, under Pennsylvania law, we have no hesitancy in concluding a conviction for first-degree burglary constitutes "violent behavior" under Section 4503(1).

Furthermore, **while Appellant contends his first-degree burglary conviction was not "violent behavior" because he did not employ violence during the burglary, it is an offender's non-privileged entry, which "invit[es] dangerous resistance" and, thus, the possibility of the use of deadly force against either the offender or the victim, that renders burglary a violent crime, not the behavior that is actually exhibited during the burglary**. *Rolan,* 549 A.2d at 559. Thus, the fact that Appellant did not actually engage in any violent acts while committing first-degree burglary does not render that crime "non-violent." Similarly, we decline to accept the invitation of *amicus* to depart from our well established case law—finding burglaries to be violent by their very nature—to instead engage in a case-by-case evaluation into whether a particular burglary conviction constitutes "violent behavior" under Section 4503(1).

*Chester*, 101 A.3d at 64-65. Arguably, the bolded text indicates that **all** burglaries are violent, whether first or second degree. But, because the only question before the *Chester* Court was whether first-degree burglary constitutes violent behavior, its reasoning only constitutes dicta with regard to second-degree burglary. Thus, the theory that a second-degree burglary poses a diminished risk of violence when the structure is not adapted for overnight accommodation **and** no person is present remains a valid distinction when determining whether a burglary conviction constitutes "violent behavior."

- 10 -

The question thus becomes whether Appellant's decade-old conviction for attempted first-degree burglary, a crime of violence under **Chester**, constitutes a "history of present or past violent behavior" under the RRRI Act. The trial court here concluded that Appellant's first-degree felony conviction constituted violent behavior because, in part, the legislature deemed first degree attempted burglary as a crime of violence. We conclude that it does not.

In **Cullen-Doyle**, the defendant pleaded guilty to one count of felony-one burglary, as well as several counts of conspiracy to commit felony-one burglary. **Cullen-Doyle**, 164 A.3d at 1241. The defendant requested a RRRI sentence, which the trial court denied based on its belief that the defendant had a prior felony-one burglary conviction. **Id.** The defendant appealed, and this Court affirmed. **Id.** We noted that the record did not support the trial court's finding that the defendant had a prior record. **Id.** Nevertheless, we concluded the defendant's present conviction for felony-one burglary rendered him ineligible for the RRRI program.[8] **Id.** (citing **Commonwealth v. Cullen-Doyle**, 133 A.3d 14 (Pa. Super. 2016)).

The defendant appealed to the Pennsylvania Supreme Court arguing that Section 4503(1) was not "intended to encompass a first-time, single-count offender." **Id.** The Supreme Court granted allowance of appeal, and

---

[8] The parties in **Cullen-Doyle** agreed that felony-one burglary established "violent behavior." **Cullen-Doyle**, 164 A.3d at 1240.

the defendant asserted that if the General Assembly intended to preclude such offenders from RRRI-eligibility, it could have used broader language in Section 4503(1) to encompass any conviction involving violent behavior.[9] *Id.* The defendant further suggested that excluding first-time offenders would undermine the program's goals of offering offenders "a second chance to become law abiding citizens" and relieving taxpayers of some of the burdens of "warehousing offenders[.]" *Id.* (citation omitted). The Commonwealth responded that the phrase "history of present or past violent behavior" was sufficiently broad to disqualify an offender based on a single violent crime. *Id.* Alternatively, the Commonwealth asserted that a remand was necessary to clarify the defendant's prior record. *Id.* at 1241-42.

The Pennsylvania Supreme Court vacated this Court's order, holding that a "single, present conviction for a violent crime does not constitute a history of violent behavior." *Cullen-Doyle*, 164 A.3d at 1244 (citation omitted). The Court noted that the phrase "history of present or past violent behavior" in Section 4503(1) "could be read . . . to allow for the word history to encompass a single, present offense[, or] to expressly authorize the inclusion of the present offense in consideration of whether there is an overall history, comprised of more than one offense." *Id.* at 1242 n.2 (citations omitted). The Court concluded that the Section 4503(1) was "materially ambiguous" because "the word 'history' ordinarily concerns past events and

---

[9] Appellant raises a similar argument in this appeal. Appellant's Brief at 29.

can refer to a pattern of behavior" and proceeded to construe the intent of General Assembly in light of the purposes of RRRI. *Id.* at 1242.

The *Cullen-Doyle* Court first noted that the RRRI program's express purpose was to encourage eligible offenders to participate in the program and reduce the likelihood of recidivism. *Id.* (discussing 61 Pa.C.S. § 4504(b)). The Court recognized a "commonly accepted corollary . . . that first-time offenders are usually more amenable to reform than inmates who have persisted in criminal conduct." *Id.* (footnote omitted). In this light, the Court concluded that the General Assembly "sought to offer greater reform opportunities for first-time offenders than repeat offenders." *Id.* at 1243.

Second, the Court analyzed the consequences of the divergent interpretations of the RRRI-eligibility requirements. *Id.* The Court concluded that "broadly construing" Section 4503 to find a defendant ineligible based on "a single instance of 'violence'" would be "so stringent that a large number of individuals who could potentially reform" would be prevented from participating in the program. *Id.* Such a construction would diminish the program's "potential utility." *Id.* (footnote omitted). The Court recognized that Section 4503 excludes individuals based on discrete factors, such as conviction for enumerated offenses. *Id.* Because those discrete factors did not include burglary, the Court found apt the principle of statutory interpretation that the "'inclusion of specific matters . . . implies the exclusion of other matters." *Cullen-Doyle*, 164 A.3d at 1243 (citation omitted). The

Court thus inferred that the General Assembly "did not intend for **all** crimes of violence to be disqualifying in and of themselves." ***Id.*** at 1244.

Lastly, having found ambiguity in the phrase "history of present or past violent behavior" the ***Cullen-Doyle*** Court applied the "rule of lenity" to bolster its conclusion that a "single, present conviction for a violent crime does not constitute a history of violent behavior." ***Id.*** The Court emphasized that "any ambiguity surrounding the meaning of the word 'history' should be resolved in favor of those seeking admission into the program."[10] ***Id.***

The specific holding of ***Cullen-Doyle***—that a defendant's "single, present" conviction does not render the defendant ineligible for the RRRI program—is not dispositive of the issue raised in the instant appeal, *i.e.*, the effect of a past conviction for a crime of violence. Nevertheless, the Court's reasoning in ***Cullen-Doyle*** persuades us that a single past conviction for attempted felony-one burglary does not render Appellant RRRI-ineligible. As noted in ***Cullen-Doyle***, the phrase "history of present or past behavior" is ambiguous, and an overly broad reading of the phrase would undermine the

---

[10] Although the ***Cullen-Doyle*** Court concluded that the defendant's single present conviction did not render him ineligible for the RRRI program, the Court found that "the need for clarification concerning [the defendant's] prior record may now have renewed salience . . . ." ***Id.*** at 1244. The Court noted that this Court previously denied the parties' joint motion for remand to determine the defendant's prior record and whether, as the trial court suggested, the defendant had a prior conviction for felony-one burglary. ***Id.*** at 1241, 1244. The Pennsylvania Supreme Court, therefore, remanded the case to this Court to resolve any further issues before remanding to the trial court. ***Id.*** at 1244.

purposes of the statute by unduly restricting access to the program with the **potential** to reform.[11]  Moreover, the General Assembly's election not to designate burglary among numerous discrete factors disqualifying a defendant from RRRI implies the exclusion of a single conviction for attempted burglary as a *per se* disqualifying crime of violence.  Lastly, we must apply the rule of lenity to resolve the ambiguity in Section 4503(1) in favor of eligibility.  Applying this reasoning to the present case, we hold that a single, past conviction for attempted felony-one burglary does not disqualify a defendant from eligibility in the RRRI program.

Accordingly, we conclude that the trial court erred in finding that Appellant's single, past conviction for attempted felony-one burglary necessarily rendered him ineligible for the RRRI program under Section 4503(1).  Thus, we vacate the judgment of sentence and remand for reconsideration of Appellant's eligibility for the RRRI program.

Judgment of sentence vacated in part.  Case remanded for consideration of Appellant's eligibility for the RRRI program.  Jurisdiction relinquished.

Judge Shogan Joins the Memorandum.

Judge Panella Notes Dissent.

---

[11] Additionally, eligibility for the RRRI program does not create a right to be paroled on the expiration of the RRRI minimum sentence.  Rather, release on a RRRI sentence is contingent on the defendant's successful completion of the program as well as a discretionary decision by the Board of Probation and Parole.

J-S64033-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/14/2017