J-S45015-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                                :            PENNSYLVANIA
                                                  :
                 v.                                 :
                                                :
                                                  :
ROBERT W. RHODES,                      :
                                                  :
               Appellant                  :           No. 378 MDA 2018

Appeal from the Judgment of Sentence January 24, 2018
in the Court of Common Pleas of Lackawanna County
Criminal Division at No(s): CP-35-CR-0001937-2017,
CP-35-CR-0002268-2017, CP-35-CR-0002720-2011,
CP-35-CR-0002989-2011

BEFORE: OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY MUSMANNO, J.:           **FILED DECEMBER 26, 2018**

Robert W. Rhodes ("Rhodes") appeals from the judgment of sentence imposed following the revocation of his probation. We vacate and remand for resentencing.

On March 2, 2012, Rhodes entered into an open guilty plea at case numbers CP-35-CR-0002720-2011 ("2720-2011"), CP-35-CR-0002989-2011 ("2989-2011"), CP-35-CR-0000125-2012 ("125-2012"), CP-35-CR-0000126-2012 ("126-2012"), and CP-35-CR-0000127-2012 ("127-2012"), to two counts each of unauthorized use of a motor vehicle[1] and second-degree burglary,[2] and one count of criminal trespassing.[3] On May 30, 2012, the trial

---

[1] *See* 18 Pa.C.S.A. § 3928.

[2] *See* 18 Pa.C.S.A. § 3502(a)(4).

[3] *See* 18 Pa.C.S.A. § 3503(a)(1)(i).

---

\*    Retired Senior Judge assigned to the Superior Court.

court imposed an aggregate sentence of 22 months to 5 years in prison, followed by two years of probation.

While serving probation at 2720-2011 and 2989-2011, Rhodes pled guilty, at case number CP-35-CR-0001937-2017 ("1937-2017"), to unauthorized use of a motor vehicle, and at case number CP-35-CR-0002268-2017 ("2268-2017"), to disorderly conduct. On January 24, 2018, the trial court sentenced Rhodes, at 1937-2017 and 2268-2017, to an aggregate term of 6 months to one year in prison, followed by one year of probation.

On the same day, the trial court conducted a **Gagnon II**[4] hearing, after which it found Rhodes to be in violation of his probation at 2720-2011 and 2989-2011. At the hearing, Rhodes's counsel represented that Rhodes was eligible for the Recidivism Risk Reduction Incentive ("RRRI") program.[5] The trial court replied that Rhodes's "two counts of burglary that were a part of the sentence of May [30], 2012[,] would indicate a history of violent crime[,] and that would preclude him from … getting the RRRI treatment." N.T., 1/24/18, at 10. The trial court imposed a non-RRRI aggregate sentence of 12 to 30 months in prison, to run consecutive to his sentences at 1937-2017 and 2268-2017.

---

[4] **See Gagnon v. Scarpelli**, 411 U.S. 778 (1973).

[5] **See** 61 Pa.C.S.A. §§ 4501-4512.

Rhodes filed a post-sentence Motion, requesting that the court reconsider imposing an RRRI minimum sentence. The trial court denied the Motion. Rhodes filed a timely Notice of Appeal[6] and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Rhodes raises the following questions for our review:

A. Whether the sentencing court committed an error of law and imposed an illegal sentence when it determined that [Rhodes's] prior convictions made him ineligible for RRRI[,] contrary to 61 P[a.]C.S.A. § 4503 and **Commonwealth v. Gonzalez**, 10 A.3d 1260 (Pa. Super. 2010)?

B. Whether the sentencing court, relying on **Commonwealth v. Chester**, 101 A.3d 56 (Pa. 2014)[,] committed an abuse of discretion when it determined that [Rhodes's] prior convictions for, *inter alia*, burglary-building without overnight accommodation[s,] [*see*] 18 P[a.]C.S.A. § 3502(c)(2), a second-degree felony, demonstrated a history of violent [behavior,] making him ineligible for a[n] RRRI sentence?

Brief for Appellant at 4.

_____

[6] We note that Rhodes filed one Notice of Appeal for the four docket numbers. Our Supreme Court has held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018). However, the Court in **Walker** declined to apply the rule to the case before it, because to do so would run "contrary to decades of case law from [the Pennsylvania Supreme Court] and the intermediate appellate courts that, while disapproving of the practice of failing to file multiple appeals, seldom quashed appeals as a result." **Id.** Although the Court instructed that in all future cases, a failure to file a notice of appeal for each lower court docket will result in quashal of the appeal, Rhodes's Notice of Appeal was filed prior to the **Walker** ruling. Accordingly, **Walker** is not controlling in the instant appeal, and we decline to quash Rhodes's appeal.

In his first claim, Rhodes alleges that the sentencing court imposed an illegal sentence by failing to impose an RRRI sentence. *See* Brief for Appellant at 9-13. Rhodes argues that his convictions for second-degree burglary do not disqualify him from an RRRI sentence. *Id.* at 11. Rhodes claims that the crime is not enumerated as a disqualifying offense under the RRRI Act, and it is not a "crime of violence," which would disqualify him as demonstrating "present or past violent behavior." *Id.* at 12-13.

> A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014). "It is legal error to fail to impose a[n] RRRI minimum on an eligible offender." *Id.* Thus, as "statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is *de novo*." *Commonwealth v. Gerald*, 47 A.3d 858, 859 (Pa. Super. 2012) (citation omitted).

*Commonwealth v. Finnecy*, 135 A.3d 1028, 1033 (Pa. Super. 2016).

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. In pursuit of these goals, the RRRI Act provides prisoners with "the opportunity … to be considered for parole at the expiration of their RRRI minimum sentence." *Commonwealth v. Robinson*, 7 A.3d 868, 872 (Pa. Super. 2010); *see also* 61 Pa.C.S.A. § 4505(c)(2) (stating that the RRRI minimum sentence "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence

is three years or less [and] … five-sixths of the minimum sentence if the minimum sentence is greater than three years.").

The RRRI Act provides that "[a]t the time of sentencing, the court shall make a determination whether the defendant is an eligible offender." 61 Pa.C.S.A. § 4505(a). An "eligible offender" is defined as a defendant who

> (1) [d]oes not demonstrate a history of present or past violent behavior.
>
> (2) [h]as not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon … or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S.[A.] Ch. 61 (relating to firearms and other dangerous articles)….
>
> (3) [h]as not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the … Crime Victims Act, except for an offense under 18 Pa.C.S.[A.] § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree….
>
> (4) [h]as not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions … :
>
>> 18 Pa.C.S.[A.] § 4302(a) (relating to incest).
>>
>> 18 Pa.C.S.[A.] § 5901 (relating to open lewdness).
>>
>> 18 Pa.C.S.[A.] Ch. 76 Subch. C (relating to Internet child pornography).
>>
>> Received a criminal sentence pursuant to 42 Pa.C.S.[A.] § 9712.1 (relating to sentences for certain drug offenses committed with firearms).
>>
>> Any offense for which registration is required under 42 Pa.C.S.[A.] Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) [i]s not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) [h]as not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of … The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S.[A.] § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503.

Section 4503's structure—namely, including specific classes of offenses in Section 4503(2)-(6) while also including general language in Section 4503(1) concerning behavior—reflects an express choice by the legislature not to write an exclusive list of disqualifying offenses, but, instead, to include Section 4503(1) as a broad, "catchall" provision designed to encompass an array of behavior not explicitly provided for in Section 4503's other provisions.

*Chester*, 101 A.3d at 63; *see also* 61 Pa.C.S.A. § 4503.

Initially, this Court has held that a prior conviction for second-degree burglary is not an indication of "past violent behavior" under Section 4503(1). *See Gonzalez*, 10 A.3d at 1262-63 (Pa. Super. 2010) (stating that second-degree burglary does not involve a risk of violence or injury to another person and thus does not constitute a crime of violence under the RRRI); *see also Chester*, 101 A.3d at 59-60 (stating that 42 Pa.C.S.A. § 9714, which sets the mandatory minimum sentences for recidivist offenders, lists "first-degree burglary, and not second-degree burglary, as a 'crime of violence.'"). Further, burglary is not listed as a disqualifying offense. *See* 61 Pa.C.S.A. § 4503(2)-

(6). Accordingly, the trial court erred in determining that Rhodes's convictions for second-degree burglary disqualify him from receiving an RRRI sentence.

However, this does not end our inquiry, as the trial court also indicated that Rhodes's criminal history as a whole demonstrated a history of violent behavior. **See** Trial Court Opinion, 4/10/18, at 4 (stating that "[t]he combination of [Rhodes's] numerous crimes, the admitted assault of another person, and the write ups the defendant received at the prison, led this court to the conclusion that this defendant has demonstrated a history of violent behavior and was thus ineligible for an RRRI sentence."). Rhodes's criminal history includes convictions for unauthorized use of a motor vehicle, criminal trespassing, and disorderly conduct. However, these crimes are not enumerated as disqualifying offenses or considered "crimes of violence." **See** 61 Pa.C.S.A. § 4503(2)-(6); 42 Pa.C.S.A. § 9714(g). Further, the RRRI Act does not state that the mere fact a defendant has an extensive criminal history demonstrates violent behavior, and renders him ineligible for RRRI. Thus, the trial court erred in finding that Rhodes's prior convictions render him ineligible for an RRRI sentence. Accordingly, we vacate Rhodes's judgment of sentence and remand for resentencing consistent with this Memorandum.[7]

Judgment of sentence vacated. Case remanded for resentencing consistent with this Memorandum. Jurisdiction relinquished.

---

[7] We need not address Rhodes's second claim in light of our disposition.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/26/2018